**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | |
|---|---|
| AQUAFIL USA, INC., | ) |
| | ) |
| Plaintiff, | ) Civil Action |
| | ) File No. |
| v. | ) |
| | ) |
| KRAUS CARPET LP D/B/A | ) |
| STRUDEX LP, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

Plaintiff Aquafil USA, Inc. ("Plaintiff" or "Aquafil"), by and through its attorneys, for its Complaint against Defendant Kraus Carpet LP d/b/a Strudex LP ("Defendant" or "Kraus") alleges as follows:

## I.  PARTIES

1.  Plaintiff is a corporation organized under the laws of the State of Georgia with its principal place of business located at 1 Aquafil Drive, Cartersville, Bartow County, Georgia.

2.  Defendant is a limited partnership company organized under the laws of Canada with its principal place of business located at 65 Northfield Drive, Waterloo, Ontario, Canada. Upon information and belief, none of the partners of

Defendant are residents of the State of Georgia. Defendant may be served through National Registered Agents, Inc., 289 S. Culver Street, Lawrenceville, Georgia 30046-4805 and its managing agent located at 2216 Abutment Road, Dalton, Georgia.

## II.    JURISDICTION AND VENUE

3.    The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because complete diversity of citizenship exists between the parties, and the amount in controversy, exclusive of costs and interest, exceeds $75,000.

4.    This Court has personal jurisdiction over Defendant pursuant to O.C.G.A. §§ 9-10-91(1) - (4). Defendant has routinely transacted business within the State of Georgia as evidenced by, among other things, the transactions and contract forming the basis for this litigation. Defendant also maintains an office and operates a carpet mill at 2216 Abutment Road, Dalton, Georgia.

5.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c). A substantial part of the events and omissions giving rise to this action occurred in the State of Georgia within this judicial district, a substantial part of the property at issue in this action is or may be located in this judicial district, and Defendant is subject to personal jurisdiction in this judicial district.

2

### III.   FACTUAL BACKGROUND

6.   Aquafil is engaged in the business of manufacturing and selling carpet yarn and related products.

7.   Defendant is in the business of manufacturing and selling carpet and other flooring products. Defendant operates offices and carpet mills throughout the United States and Canada.

8.   Defendant ordered and requested carpet yarn, polymer and related goods from Aquafil (hereinafter the "Yarn").

9.   Aquafil filled Defendant's purchased orders for Yarn and delivered the Yarn to Defendant.

10.   Defendant accepted receipt and delivery of the Yarn at Aquafil's facility in Cartersville, Georgia.

11.   Aquafil issued invoices to Defendant for the Yarn. The invoices require payment to Aquafil within sixty days.

12.   Defendant currently owes Aquafil no less than $555,198.16 for Yarn sold and delivered by Aquafil to Defendant. Payment is past due on this amount, which does not include interest.

13.   In total, Defendant owes or will owe Aquafil no less than $1,750,893.93, excluding interest, for the Yarn delivered to Defendant.

14.    After Aquafil delivered the Yarn to Kraus, Mike Wagner, a Kraus executive, told Aquafil during a telephone call on August 20, 2018, that it would not pay for the Yarn. Mr. Wagner further stated that Kraus is in financial difficulty and may liquidate and close.

15.    Kraus has not raised any concerns regarding the quality of the Yarn.

16.    Upon information and belief, Kraus is insolvent and cannot pay its debts as they become due.

17.    On August 24, 2018, counsel for Aquafil sent a letter to Defendant, among other things, terminating and avoiding the parties' agreement, demanding return and preservation of the Yarn, and requesting a response by August 28, 2018. A true and correct copy of this letter is attached as Exhibit A.

18.    Kraus has not returned any of the Yarn to Aquafil.

## COUNT I - BREACH OF CONTRACT

19.    Aquafil reasserts, realleges, and incorporates herein by reference paragraphs 1-18 of the Verified Complaint.

20.    Aquafil and Defendant are parties to a supply agreement.

21.    The agreement is supported by consideration. Aquafil fully performed pursuant to the agreement by the delivering the Yarn ordered by Defendant.

4

22.    Defendant fundamentally breached and repudiated the agreement by failing to pay Aquafil for Yarn as it became due and by declaring that it would not pay Aquafil for the Yarn received and purchased from Aquafil.

23.    Defendant fundamentally breached and repudiated the agreement by failing to provide adequate assurances of payment despite requests by Aquafil.

24.    Aquafil has given Defendant written notice of termination and avoidance of the agreement within a reasonable period of time.

25.    Aquafil is entitled to restitution and return of the Yarn.

26.    Aquafil has been damaged by Defendant's fundamental breach and repudiation of the agreement.

## COUNT II – UNJUST ENRICHMENT/CONSTRUCTIVE TRUST

27.    Aquafil reasserts, realleges, and incorporates herein by reference paragraphs 1-26 of the Verified Complaint.

28.    Aquafil conferred a benefit on Defendant by delivering the Yarn ordered by Defendant.

29.    Defendant ordered, accepted and retained the Yarn.

30.    It would be inequitable for Defendant to retain the Yarn without paying for it.

31. Aquafil is entitled to and requests restitution and return of the Yarn as a result of Defendant's unjust enrichment.

32. Aquafil is entitled to and requests the imposition of a constructive trust to prevent the unjust enrichment of Defendant.

## COUNT III - BAD FAITH UNDER O.C.G.A. § 13-6-11

33. Aquafil reasserts, realleges, and incorporates herein by reference paragraphs 1-32 of the Verified Complaint.

34. As more fully described above, Defendant has acted in bad faith.

35. Pursuant to O.C.G.A. § 13-6-11, Aquafil is entitled to litigation expenses, including without limitation reasonable attorneys' fees, as a result of Defendant's bad faith.

## PRAYER FOR RELIEF

WHEREFORE, Aquafil requests that this Court enter judgment:

a. awarding it preliminary and permanent injunctive relief;

b. awarding it restitution of and a constructive trust over the Yarn;

c. to the extent Aquafil is not made whole by the return of the Yarn, awarding it compensatory damages in an amount to be determined at trial;

d. awarding it litigation expenses, including, without limitation, reasonable attorneys' fees, pursuant to O.C.G.A. § 13-6-11, in an amount to be determined at trial;

e. awarding it pre-and post-judgment interest; and

f. awarding it such other and further equitable and legal relief as this Court deems just and proper.

Respectfully submitted this 31st day of August, 2018.

**MILLER & MARTIN PLLC**

By: */s/Ryan Kurtz*
Ryan A. Kurtz
Georgia Bar No. 430484

1180 West Peachtree Street, NW, Suite 2100
Atlanta, GA  30309
(404) 962-6100 (telephone)
(404) 962-6300 (fax)
ryan.kurtz@millermartin.com

*Attorney for Plaintiff, Aquafil USA, Inc.*

7

16977306v1